CANDIS CHARLENE MORTON, PRO SE
2568 FENTON PLACE
NATIONAL CITY, CALIFORNIA 91950
PHONE (619) 267-8963



IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDIS CHARLENE MORTON, PRO SE<br><br>        Plaintiff,<br><br>    vs.<br><br>PEOPLE'S CHOICE HOME LOAN, AMERICA'S SERVICING COMPANY AND FIRST AMERICAN LOANSTAR,<br><br>        Defendants. | CASE NO. **'08 CV 1112 DMS LSP**<br><br>**EX PARTE APPLICATION AND SUPPORTING DECLARATION OF (NAME OF PLAINTIFF) FOR TEMPORARY RESTRAINING ORDER/ PRELIMINARY INJUNCTION AND ORDER TO SHOW CAUSE, AND CERTIFICATION** |

    Plaintiff, CANDIS CHARLENE MORTON, Pro Se, hereby applies for an Ex Parte Temporary Restraining Order/Preliminary Injunction against the named Defendants PEOPLE'S CHOICE HOME LOAN, AMERICA'S SERVICING COMPANY, and FIRST AMERICAN LOANSTAR and as grounds therefore would state as follows:

    1. Plaintiff requests a temporary restraining Order to enjoin and restrain the Defendant(s) named herein, their agents, servants and employees from scheduling or executing a proposed Trustee's sale on June 24, 2008 in regard to a non-judicial

foreclosure action without judicial oversight and without a valid Court Order, relating to an alleged Notice of Default 12/23/2007 filed in the San Diego County Recorder's Office number 20079134009592, and further to require PEOPLE'S CHOICE, AMERICA'S SERVICING and FIRST AMERICAN LOANSTAR to appear and show cause why the relief requested in this application should not be granted, and to produce in open Court the original promissory note with all endorsements and attachments to establish Defendant(s) right and entitlement to conduct said non-judicial Trustee's Sale.

   2. Plaintiff has filed contemporaneously herewith a Complaint for Violation of the Truth in Lending Act, which Complaint is currently pending before the District Court. Plaintiff requests that this Honorable Court enjoin and restrain the execution of any non-judicial Trustee's sale pending the resolution of the Plaintiff's claims as set forth in Plaintiff(s) Complaint for Truth in Lending violations. Attached hereto and made a part hereof as Plaintiff's Exhibit "A" is a copy of said Complaint.

   3. This application is made pursuant to the Federal Rules of Civil Procedure. Plaintiff is entitled to the relief requested, including but not necessarily limited to enjoining and restraining the Defendants from executing a Proposed Trustee's Sale of the subject property on June 24, 2008, pending resolution of Plaintiff's claims on the merits.

   4. The executing by Defendant(s) of proposed Trustee's sale on June 24, 2008 would fall outside of the authority of the Defendant(s) if said Defendant(s) are unable to produce the

1  original signed promissory note with all attachments showing
2  their legal entitlement to schedule and conduct said Trustee's
3  sale. Should said sale be permitted to go forward without the
4  proper legal authority and entitlement to do so, Plaintiff would
5  be irreparably injured in that Plaintiff would lose all right,
6  title and interest in and to her unique real property, would
7  lose all of her equity in the subject property, would lose the
8  right of possession and to live in the subject property,
9  including but not limited to her right of quiet enjoyment of the
10 property, would be uprooted and her family would be uprooted
11 from the community, and would suffer great personal injury,
12 including but not limited to defamation of Plaintiff's credit,
13 the infliction of emotional distress upon Plaintiff and other
14 injury and damages personal to Plaintiff. Plaintiff will suffer
15 these injuries, even if her claims are meritorious, unless
16 Defendant is enjoined and restrained. Once Plaintiff has
17 suffered the injury, any pecuniary amount would be inadequate to
18 compensate Plaintiff for her injuries, making said injury
19 irreparable.
20      5. Plaintiff further contends that Defendants have not
21 properly applied Plaintiff's payments to the account maintained
22 by Defendants, and may have made incorrect interest rate
23 adjustments, that the actual interest rate of 7.990% was above
24 the interest rate listed in Plaintiff's Good Faith Estimate,
25 incorrect tax impound amounts and may have otherwise misapplied
26 Plaintiff's payments. Plaintiff further requests that Defendants
27 appear and provide a detailed analysis of the amount Defendants
28 contend is due and owing on the note and deed of trust at issue.

Unless and until Defendants can provide said detailed account as to the amount Defendants contend is due and owing, Defendants should not be permitted to conduct the proposed Trustee's sale on June 24, 2008, which would be in derogation of the rights of Plaintiff.

6. Plaintiff would be entitled to damages to compensate Plaintiff for all detriment proximately caused by the wrongful conduct of the servicer or Trustee pursuant to California Civil Code Section 3333. Until this Court is able to make such a determination, Defendants should be enjoined from going forward with the proposed Trustee's sale on June 24, 2008.

7. Plaintiff(s) has no other adequate remedy at law.

8. Plaintiff requests that this Honorable Court grant the relief on an ex parte basis without notice to the other side, in that the threatened proposed Trustee's sale is imminent, and there is insufficient time for Defendants to be heard in opposition prior to the threatened injury taking place. Further, were Defendants given advance notice concerning this relief, Defendants would, in all probability, seek to accelerate the injuries sought to be apprehended.

9. The relief requested should be granted because the injury and harm that would be suffered by Plaintiff is greater than the potential injury or harm to Defendants, and when balanced, the greater harm would be suffered by Plaintiff and the equities in this matter tip in favor of the Plaintiff.

10. The public interest would be served in the

granting the requested relief would protect the public from wrongful foreclosure, predatory lending practices, and other violations of Federal and California law, including Deceptive and Unfair Trade Practices in the conduct of the mortgage lending business, and would prevent homeowners in the community from summarily, without any judicial oversight, losing their homes and from becoming homeless and becoming a burden on the community.

11. Attached hereto and in support of this application for Ex Parte Temporary Restraining Order/Preliminary Injunction and Order to show cause is Plaintiff's sworn Declaration attesting to the truthfulness of the facts and allegations contained in this application.

12. Plaintiff requests that this Honorable Court grant the requested relief without bond in that Plaintiff is unable to afford or to pay a bond of any kind or type, and that such a Bond requirement would have an inequitable effect on the ability of Plaintiff and other members of the public to obtain redress of their grievances through the Courts and would have a negative effect on public access to the Courts.

13. Other grounds to be argued ore tenus.

**VERIFICATION**

I, the plaintiff herein, do hereby verify under penalty of perjury, that I have read the foregoing Application and that the

facts and allegations contained therein are true and correct. Dated this 23rd day of June, 2008.

*Candis Charlene Morton*
Candis Charlene Morton
Affiant

**CERTIFICATE OF SERVICE**

I (WE) HEREBY CERTIFY that a true and correct copy of the Foregoing Application for Ex Parte Temporary Restraining Order/ Preliminary Injunction has been furnished to the following Defendants by U.S. mail, with sufficient postage attached, this 23rd day of June, 2008.

*Candis Charlene Morton*
Candis Charlene Morton, Pro Se
2568 Fenton Place
National City, CA 91950
(619) 267-8963