# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDIS CHARLENE MORTON,<br><br>                                   Plaintiff,<br>vs.<br><br>PEOPLE'S CHOICE HOME LOAN, INC., et al.,<br><br>                                 Defendants. | CASE NO. 08cv1112 DMS (LSP)<br><br>**ORDER DENYING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

      This matter comes before the Court on Plaintiff's motion for an *ex parte* Temporary Restraining Order ("TRO") enjoining the sale of her residence at a trustee sale scheduled for June 24, 2008, at 10:00 a.m. Pursuant to the Court's request, Plaintiff provided the Court with a copy of the Notice of Trustee's Sale, which appears to be dated June 4, 2008. Nonetheless, Plaintiff did not file the present motion until June 23, 2008, at 3:01 p.m. Furthermore, although Plaintiff states she served a copy of her Complaint and the present motion on the Defendants, there is no proof of service attached. Under these circumstances, the Court declines to issue an *ex parte* TRO.

      Plaintiff alleges that on December 23, 2005, she entered into a consumer credit transaction with Defendant s People's Choice, America's Servicing and First American Loanstar in which Defendants retained a security interest in Plaintiff's home at 2568 Fenton Place, National City, California, 91950. Plaintiff further alleges that Defendants violated the Federal Truth in Lending Act ("TILA"), found at 15 U.S.C. § 1635 and Regulation Z passed thereto during the initial loan

transaction. Accordingly, Plaintiff claims a right to rescind the contract and terminate Defendants' interest in the property. This right of rescission terminates if the mortgaged property is sold at a foreclosure sale. 15 U.S.C. § 1635(f); *Worthy v. World Wide Fin. Servs.,* 347 F. Supp. 2d 502, 506 (E.D. Mich. 2004).

Ordinarily before issuing a TRO, the Court will hold a hearing, although in rare circumstances a TRO may be issued without notice to the adverse party. *See* Fed. R. Civ. Proc. 65(b)(1). Because the policy in favor of giving notice is so strong, even if other requirements for injunctive relief are present, a TRO without notice may issue only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. Proc. 65(b)(2).

In addition, a TRO is an equitable remedy, subject to equitable defenses, including laches. *Apache Survival Coalition v. OLA Cassadore Davis*, 118 F.3d 663, 665-66 (9th Cir. 1997) (affirming district court's denial of "TRO on the grounds of laches"). To establish a defense of laches, a party must show prejudice caused by the opposing party's lack of diligence in pursuing its claim. *Id.*

Here, the allegations in Plaintiff's Complaint are ambiguous. For example, the complaint alleges Defendants violated TILA by "failing to deliver to the Plaintiffs two copies of a notice of the right to rescind that: (a) identified the transaction[;] (b) clearly and conspicuously disclosed the security interest in the Plaintiff's home....[continues listing deficiencies]." It is not clear whether Plaintiff received only *one* copy of a compliant notice, received *two* copies of a non-compliant notice, or never received a notice of the right to rescind at all. It is further unclear whether the notice contained all of the deficiencies, or only some of them. Accordingly, no "clear" violation is established by "specific" allegations of facts. *See* Fed. R. Civ. Proc. 65(b)(1).[1]

Moreover, Plaintiff does not explain why Defendants were not provided advance notice of the filing of her Complaint and the present motion. When a complaint is filed mere hours before relief

---

[1] This determination is not meant to pass on the sufficiency of the pleading for purposes of a motion to dismiss. Instead, the Court finds only that the pleadings are not clear or specific enough to compel the rare remedy of a TRO issued without notice to the Defendants.

is required, mail will certainly not suffice to give Defendants notice of the action. There exist more modern, immediate means of delivering advance notice, which would have afforded Defendants the opportunity to be heard in this action. Plaintiff employed none of these means. Plaintiff has also provided no reason why such notice should not be required. *See* Fed. R. Civ. Proc. 65(b)(2).

Perhaps Plaintiff believes notice should not be required due to the limited time before the sale. However, that reasoning implicates the equitable doctrine of laches. Plaintiff has had notice of this foreclosure sale for at least two weeks. Yet, she waited until 3:01 p.m. on the day before a 10:00 AM sale to file and serve her Complaint and TRO application, without providing any explanation for the delay. Plaintiff's delay has caused prejudice to Defendants, who have been denied notice and the opportunity to be heard in their own defense.

Because of the non-specific and unclear nature of Plaintiff's allegations, the failure to explain the late filing, and the lack of good cause for granting relief without affording Defendants actual notice and the opportunity to be heard, the Court declines to grant Plaintiff's application for an *ex parte* TRO. The motion is DENIED without prejudice.

**IT IS SO ORDERED.**

DATED: June 24, 2008

_____
HON. DANA M. SABRAW
United States District Judge